```
LAW OFFICES OF
O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiffs
-----------------------------------X----------------------------
JABADI SIMON and PASHA MUIR,        :UNITED STATES DISTRICT COURT
                                    :EASTERN DISTRICT OF NEW YORK
                                    :
            Plaintiffs,             :
                                    :   CASE No: 18-cv-03400 BMC
    against                         :
                                    :   CIVIL ACTION
                                    :
THE CITY OF NEW YORK,               :   FIRST AMENDED COMPLAINT
P.O. JENA LEOCADIO, SHIELD # 5460   :
P.O. FRANK REDMOND, SHIELD # 7663   :
P.O. RICHARD LUCIANI, SHIELD # 14961:   PLAINTIFFS DEMAND
SERGEANT PAUL SCOCCA, SHIELD # 3616 :      TRIAL BY JURY
P.O. CLINT ELIE, SHIELD # 7909      :
P.O. DAVID ESPARRAGOZA, SHIELD #21481:
LIEUTENANT RYAN GILLIS,             :
                                    :
            Defendant(s).           :
-----------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiffs, Jabadi Simon and Pasha Muir hereby appear in this action by their attorneys, The Law Offices of O'keke & Associates, P.C., and demand that all papers be served upon them, at the address below, in this matter.

Plaintiffs, Jabadi Simon and Pasha Muir, by their attorneys, The Law Offices of O'keke & Associates, P.C., complaining of the defendants, The City Of New York, P.O. Jena Leocadio Shield # 5460, P.O. Frank Redmond Shield # 7663, P.O. Richard Luciani Shield # 14961, Sergeant Paul Scocca Shield # 3616, P.O. Clint Elie Shield # 7909, P.O. David Esparragoza Shield #21481 and Lieutenant Ryan Gillis collectively referred to as the Defendants, upon information and belief alleges as follows:

1

**NATURE OF THE ACTION**

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

**JURISDICTION**

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in

this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5. All conditions precedent to the filing of this action have been complied with. On January 23, 2018, within ninety days after the claims alleged in this complaint arose, a sworn written notice of claim was served upon the defendant, City of New York. The plaintiffs' claims were assigned the numbers 2018PI002859 and 2018PI002897 by the City of New York's Comptroller's office.

6. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## PARTIES

8. Plaintiffs reside in Brooklyn, New York and are resident of the State of New York.

9. The actions which form the underlying basis for this case all took place in the County of Kings, within the jurisdiction of the Eastern District of New York.

10. Defendants P.O. Jena Leocadio Shield # 5460, P.O. Frank Redmond Shield # 7663, P.O. Richard Luciani Shield # 14961, Sergeant Paul Scocca Shield # 3616, P.O. Clint Elie Shield # 7909, P.O. David Esparragoza Shield #21481 and Lieutenant Ryan Gillis are police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police

3

Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. On or about July 21, 2017, at or about 5:00 am, Plaintiff, Pasha Muir, who resided on the fourth floor of 259 Halsey Street, Brooklyn, New York 11216, was walking down the stairs of said building when he was confronted by about six police officers in plain clothes with guns. Said police officers ordered him to freeze and get on the floor. He complied and was handcuffed, searched and taken to the first floor of the building by the police officers. Nothing was found on him. Also the fourth floor where he resided was searched and nothing was found therein.

13. Plaintiff asked the police officer why he was being placed in handcuffs and they told him that they were looking for a person. Plaintiff asked them if they had a warrant and they told plaintiff not to worry about that.

14. The same police officers, also with guns drawn, confronted Plaintiff, Jabadi Simon in his room on the third floor of 259 Halsey Street, Brooklyn, New York 11216, where he was sleeping.

15. The police officers ordered Plaintiff, Jabadi Simon to lie on the floor and he complied. They searched his person and the third floor of the building and did not find anything.

16. He was handcuffed and brought to the first floor of the building. One of the police officers told Plaintiff, Jabadi Simon that he ran a check on him and found nothing on him. He was told that he was clean.

17. Plaintiffs, Jabadi Simon and Pasha Muir were subjected to grueling interrogation by the defendant police officers, without being read their Miranda rights or given an explanation for their arrest and detention. Subsequently

4

plaintiffs were put in a van and transported to the NYPD 79th Precinct in handcuffs and placed in a cell in deplorable conditions.

18. Plaintiffs were pedigreed and detained at the precinct for several hours before they were transported to the Central Bookings Division of the Criminal Court in Kings County, New York where they were detained in a cell with other detainees; and were further kept for several hours, without food and or drink or access to useable restroom facilities.

19. Plaintiffs were falsely charged with: PL 220.16 (1), Criminal Possession of a Controlled Substance in the Third Degree; PL 220.09(1), Criminal Possession of a Controlled Substance in the Fourth Degree; PL 220.03, Criminal Possession of a Controlled Substance in the Seventh Degree; PL 220.50(2), Criminally Using Drug Paraphernalia in the Second Degree; PL 220.50(3), Criminally Using Drug Paraphernalia in the Second Degree; PL 260.10 (1), Endangering the Welfare of a Child, PL 221.10(2), Criminal Possession of Marihuana in the Fifth Degree and PL 221.05, Unlawful possession of Marihuana and were made to appear before a judge of the criminal court of Kings County Brooklyn, New York, several times before said charges were completely dismissed on November 2, 2017.

20. As a result of his arrest and detention as aforesaid, Plaintiff, Jabadi Simon who was employed as a Supervisor at Starbucks, missed days from work and was subsequently terminated.

21. As a result of his arrest and detention as aforesaid, Plaintiff, Pasha Muir, who was on parole, was charged with Violation of Conditions of his Release and incarcerated for several months.

22. At no time did plaintiffs commit any offense against the

5

laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiffs engage in any conduct which in any way justified the unlawful actions of the police.

23. On the date and at the time defendant police officers unlawfully arrested, searched and or detained/imprisoned plaintiffs, they did not present to plaintiffs a warrant or give plaintiffs any lawful justification for the arrest, search and/or detention/imprisonment.

24. The decision to arrest the plaintiffs was objectively unreasonable under the circumstances.

25. While plaintiffs ware being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiffs had committed a crime and/or offense.

26. The factual claims by the defendant officers were materially false and the defendant officers knew them to be materially false at the time they first made them, and every time thereafter when they repeated them.

27. That the defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiffs' criminal prosecution.

28. As a direct result of these false allegations by the defendant police officers; the plaintiffs were criminally charged under Docket Number 2017KN040998.

29. At no time prior to or during the above events was there probable cause to arrest the plaintiffs, nor was it reasonable for the defendants to believe that probable cause existed.

30. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in

by the defendants against the plaintiffs.

31. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

32. As a direct and proximate result of defendants' actions, plaintiffs suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

33. The false arrest of plaintiffs, plaintiffs' wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

34. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

35. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

36. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens

  by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

37. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD

38. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiffs herein.

39. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiffs' arrest.

40. That all of the acts and omissions by the defendant

8

officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

41. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

42. In an Order dated November 25, 2009, in <u>Colon v. City of New York, 09 CV 0008 (EDNY)</u>, the court held that:

   *Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

43. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the

9

charges altogether.

44. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

45. The actions of all defendants, acting under color of State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

46. By these actions, defendants have deprived plaintiffs of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

47. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW**

48. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49. The arrest, detention and imprisonment of plaintiffs were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiffs' arrest or subsequent detention.

50. As a result of plaintiffs' false arrest and imprisonment, they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, were prevented from attending to their necessary affairs, and have been caused to incur legal expenses, and have been otherwise damaged in their character and reputation.

51. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

52. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

53. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983/NEW YORK STATE LAW**

54. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. Following the plaintiffs' arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiffs and/or their property to be searched and/or strip-searched, without any individualized reasonable suspicion that they was concealing weapons or contraband.

56. As a result of the foregoing, the plaintiffs were subjected to an illegal and improper search and/or strip-search.

57. The foregoing unlawful search violated the plaintiffs'

11

constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

58. As a consequence of the defendant officers' individual and/or collective actions as set forth above, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and their constitutional rights were violated. Plaintiffs hereby demand compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

## AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

59. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.
60. Each defendant officer had an affirmative duty to intervene on the plaintiffs' behalf to prevent the violation to their constitutional rights, as more fully set forth above.
61. Each defendant officer failed to intervene on the plaintiffs' behalf to prevent the violation of their constitutional rights, despite having had a realistic and reasonable opportunity to do so.
62. As a consequence of the defendant officers' individual and/or collective actions, the plaintiffs suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and their constitutional rights were violated. Plaintiffs hereby demand compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: FALSE ARREST, FALSE IMPRISONMENT, AND UNLAWFUL SEARCH PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEW YORK STATE CONSTITUTION**

63. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64. The above-described respective false arrest, unlawful search, false imprisonment, detention and malicious prosecution of the plaintiffs were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiffs' arrest, summary punishment, and subsequent detention.

65. As a result of the above-described false arrest, unlawful search, false imprisonment and detention, the plaintiffs were caused to suffer loss of liberty, serious personal injuries, humiliation, great mental and physical anguish, embarrassment and scorn among those who know them; were prevented from attending to their necessary affairs, and have been otherwise damaged in their character and reputation.

66. Consequently, the plaintiffs have been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendant officers, individually and severally.

67. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

**AS A FIFTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

68. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.
69. The Defendants Officers engaged in extreme and outrageous conduct, intentionally, negligently and or recklessly causing severe emotional distress to plaintiffs.
70. Plaintiffs' emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.
71. Defendants, their officers, agents, servants, and employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers and security guards, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.
72. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

**AS A SIXTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE**

73. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.
74. Each defendant officer created false evidence against the plaintiffs.

14

75. Each defendant officer forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.
76. Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiffs.
77. Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiffs.
78. Each defendant officer acted with malice in initiating criminal proceedings against the plaintiffs.
79. Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiffs.
80. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiffs.
81. Each defendant officer acted with malice in continuing criminal proceedings against the plaintiffs.
82. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.
83. Each defendant officer misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.
84. Each defendant officer withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.
85. Each defendant officer did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.
86. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiffs' constitutional

15

right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

87. As a consequence of the defendant officers' actions, the plaintiffs suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and their constitutional rights were violated. Plaintiffs hereby demand compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

**AS A SEVENTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS: MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983/NEW YORK STATE LAW**

88. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth herein.
89. The commencement and continued prosecution of the criminal judicial proceeding against plaintiffs, including the arrest, the imprisonment, and the charges against plaintiffs were committed by or at the insistence of the defendant officers without probable cause or legal justification, and with malice.
90. The defendant officers were directly involved in the initiation of criminal proceedings against the plaintiffs.
91. The defendant officers lacked probable cause to initiate criminal proceedings against the plaintiffs.
92. The defendant officers acted with malice in initiating criminal proceedings against the plaintiffs.
93. The defendant officers were directly involved in the continuation of criminal proceedings against the plaintiffs.
94. The defendant officers lacked probable cause in continuing

     criminal proceedings against the plaintiffs.

95. The defendant officers acted with malice in continuing criminal proceedings against the plaintiffs.

96. The defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

97. The defendant officers misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

98. The defendant officers withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

99. The defendant officers did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

100. The criminal judicial proceeding initiated against plaintiffs was dismissed on November 2, 2017 and terminated in the plaintiffs' favor.

101. The arrest, imprisonment and prosecution of the plaintiffs were malicious and unlawful, because plaintiffs had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

102. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

103. As a consequence of the malicious prosecution by the defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and their constitutional rights were violated. Plaintiffs hereby demand compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

104. In addition, the defendant officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

105. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

106. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

**WHEREFORE**, plaintiffs respectfully request judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

Dated: September 6, 2018
       Brooklyn, New York

                              O'keke& Associates, PC.



                              John C. Iwuh, Esq. (JI-2361)
                              O'keke& Associates, PC.
                              Attorney for Plaintiffs
                              801 Franklin Avenue
                              Brooklyn, New York 11238
                              Tel. (718) 855-9595
                              Direct Dial: (347)442-5089

```
Civil Case Number:18-cv-03400 BMC Attorney: JOHN C. IWUH,
```

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JABADI SIMON and PASHA MUIR,

                                          Plaintiff(s),

   against

THE CITY OF NEW YORK,
P.O. JENA LEOCADIO, SHIELD # 5460
P.O. FRANK REDMOND, SHIELD # 7663
P.O. RICHARD LUCIANI, SHIELD # 14961
SERGEANT PAUL SCOCCA, SHIELD # 3616
P.O. CLINT ELIE, SHIELD # 7909
P.O. DAVID ESPARRAGOZA, SHIELD #21481
LIEUTENANT RYAN GILLIS,

                                          Defendant(s).

---

**SUMMONS & COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**O'keke & Associates, PC**
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595   FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:

Defendants/Attorney(s) For Defendants.

---

    Service of a copy of the within is hereby admitted

                      Dated:_____

            Attorney(S) For:_____